# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS



GERALD C. MANN
XXxxxxxxxxxx
PRICE DANIEL
ATTORNEY GENERAL

Honorable John S. Baker
County Auditor
Lamar County
Paris, Texas

Dear Sir:

Opinion No. 0-2533
Re: If the commissioners' court
gives the county attorney
permission to go into serv-
ice without resigning his
position, as county attorney,
would the county be liable
for the payment of his salary
if he should return home at
some future time and demand
that it be paid?  If somethin
should happen and the county
attorney should not return,
could his heirs collect the
salary?

   We quote from your letter requesting the opinion
of this department on the above stated questions as follows:

   "Our County Attorney is expecting to be
called into the service of his Country at any
time; and if so he has asked the court to al-
low him to go without resigning his position,
leaving the duties of the office with his as-
sistants, and waiving the collection of his
salary during the time he is absent.

   "I would like to know whether or not the
county would be liable for the payment of his
salary if he should return at some future time
and demand that it be paid, he having not re-
signed his office, or if something should hap-
pen and he not return, could his heirs collect
the salary? . . ."

In our opinion No. 0-3448, a copy of which is attached hereto for your convenience, we held that the office of County Attorney did not automatically become vacant upon the induction of the incumbent into the army. We further held that the above referred to official was entitled to his salary during the term of his office or until a vacancy was established.

In the case of Hamilton vs. King, 206 S. W. 953, it is stated in part,

"There can be no doubt of the correctness of the contention made by appellant that the Commissioners' Court of a County in this State has no authority or power to remove from office any County official or to declare a vacancy in any such office, but such authority seems to be vested alone in the District Court. . . . After very careful investigation, we have been unable to find any statute of this State or provision of the Constitution which declares that an absence from the County of one of its officials, who shall be engaged as a private soldier in the army of the United States, shall create a vacancy in the office of such official! and, in the absence of any such provision, we are of the opinion that the Commissioners' Court in this instance had no authority to declare the office of County Attorney vacant, and to appoint appellee thereto, but that, in the absence of such provision, the authority to determine and declare such question was vested in the District Court of Sabine County."

It is well established in this State that the Commissioners' Courts are courts of limited jurisdiction and possess only such power and authority that is given by the statutes and Constitution of this State expressly or by implication.

Therefore, it is our opinion that the Commissioners' Court has no authority whatsoever to require the resignation of the County Attorney when he enters the military service. It is our further opinion that the Commissioners' Court has no authority to give the County Attorney permission to enter the military service without resigning his office.

It is our opinion that under the facts submitted by you, the Commissioners' Court of Lamar County can not declare that a vacancy exists in the office of County Attorney upon his entering the military service and that until a vacancy is established the County Attorney is entitled to his pay from the County, although he has entered the military service.

In view of our answer to your first question, we do not think that it is necessary to answer the second question stated.

Heretofore this department has written several opinions answering questions similar to the questions presented in your inquiry, which we think supports the conclusion reached in this opinion. Therefore, we direct your attention to these opinions and enclose copies of the same for your convenience. These opinions are Nos. 0-3693, 0-3080, 0-4465, 0-3295, 0-3448 and 0-3743.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY        /s/

Ardell Williams
Assistant

AW:mp:et
Encl.

APPROVED MAR 24, 1942

/s/ Grover Sellers

First Assistant
Attorney General.

APPROVED OPINION COMMITTEE BY BWB, CHAIRMAN